SRM

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

**Christopher Lee Tindall,**
Petitioner
-vs-
**Dora B. Schriro, et al.,**
Respondent(s)

CV-06-0383-PHX-DGC (JI)

**REPORT & RECOMMENDATION**
**On Petition for Writ of Habeas Corpus**
**Pursuant to 28 U.S.C. § 2254**

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Florence, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on February 2, 2006 (#1).  The Petitioner's Petition is now ripe for consideration.  Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A. FACTUAL BACKGROUNDu

In denying Petitioner's direct appeal, the Arizona Court of Appeals described the factual background as follows:

> On April 20, 2002, J.H. and T.B., K-mart Corporation loss-prevention employees, saw Defendant pocket several boxes of Sudafed and leave the store without paying. They chased him into the parking lot. Defendant ran until he tripped and fell. As T.B. overtook him, Defendant stood up and brandished a knife. T.B. began to back away while J.H. ran up. J.H. and T.B. retreated toward the store as Defendant shouted "get the f*** away or I'll kill you." Defendant then moved toward the victims and continued to threaten to "kill" them.
> At some point, J.H. pushed Defendant to the ground and kicked him in the face. T.B. then kicked the knife out of Defendant's hand. After

- 1 -

subduing Defendant, they handcuffed him, and then took him and the knife into the store to await the police. The police observed blood on Defendant's hands and face, collected the knife, and spoke to the employees. Defendant was arrested and transported to the hospital for treatment of a cut to his chin.

(Answer, #7, Exhibit E, Memorandum Decision at 3-4.)  (Exhibits to the Answer, #7 are reference hereinafter as "Exhibit __.")

**B. PROCEEDINGS AT TRIAL**

Petitioner was eventually indicted on two counts of aggravated assault, and one count of shoplifting.  The State alleged Defendant had five prior felony convictions.  At the conclusion of a jury trial, Defendant was found guilty on all counts.  Subsequently a trial was conducted on the prior felonies, for the purpose of aggravating his sentence, and the court found that Defendant had two historical prior felony convictions.  Petitioner was then sentenced  to two concurrent ten-year sentences for the aggravated assault charges and time served on the shoplifting charge. The court subsequently denied Petitioner's motion for new trial.  (Exhibit E at 4.)

**C.  PROCEEDINGS ON DIRECT APPEAL**

Petitioner filed a direct appeal.  Counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and related state authorities, asserting he had found no tenable issues for appeal.  At Petitioner's request, however, counsel raised five arguments: "1) the court erred by refusing to appoint an attorney, other than his defense counsel, to act as advisory counsel; 2) the testimony of the victims was not credible; 3) the stolen boxes of Sudafed were not introduced into evidence; 4) the knife Defendant used to threaten the victims should have been suppressed because no fingerprints were found on it; and 5) the trial court erred by not granting a new trial based on juror misconduct."  (Exhibit E, Memorandum Decision at 2.)  Petitioner also filed a Supplemental Brief, raising three additional arguments: "6) the State failed to prove beyond a reasonable doubt that he was guilty of aggravated assault; 7) the trial court abused its discretion by not instructing the jury on disorderly conduct as a lesser included offense of

1  aggravated assault; and 8) the court erred by sentencing him to an enhanced sentence based on

2  two prior felonies without proof of those felonies by the State." (*Id.* at 2-3.)

3         Petitioner also raised a claim of ineffective assistance of trial counsel, arguing "that his

4  lawyer was ineffective for not interviewing jurors after trial to determine whether misconduct

5  occurred warranting a new trial."   But, the Court of Appeals refused to consider the claim,

6  noting that ineffective assistance claims were only properly raised in post-conviction relief

7  proceedings. (*Id.* at 2, n. 1.)

8         In a Memorandum Decision issued January 11, 2005, the Arizona Court of Appeals

9  affirmed Petitioner's convictions and sentences. (*Id.* at 13.)   Petitioner did not seek further

10 review by the Arizona Supreme Court, and on February 17, 2005, the Arizona Court of Appeals

11 issued it's "Order and Mandate." (Exhibit G; Petition, #1 at 2.)

12

13 **D.  PROCEEDINGS ON POST-CONVICTION RELIEF**

14        On January 25, 2005, Petitioner filed his Notice of Post-Conviction Relief (Exhibit F.)

15 Counsel was appointed, and on April 28, 2005, counsel filed his "Notice of Completion of

16 Post-Conviction Review and Request for Extension of Time to Allow Petitioner to Proceed

17 Pro Per" (Exhibit H).   Counsel represented that he had "communicated with Petitioner,

18 reviewed the trial transcripts and all relevant documents in this matter, and is unable to discern

19 any colorable claim upon which to base a Petition for Post-Conviction Relief." (Exhibit H at

20 1.)   The motion to extend was granted, and counsel was ordered to remain in an advisory

21 capacity. (Exhibit I, M.E. 5/3/05.)

22        On June 15, 2005, Petitioner filed his *pro per* Petition for Post-Conviction Relief

23 (Exhibit J), asserting seven claims, including: ineffective assistance of counsel in failing to (1)

24 request a lesser included offense instruction, (2) allow the Petitioner to testify, and (3) to

25 address the state's use of prior convictions; (4) 5th Amendment violations; (5) 6th Amendment

26 violations; (6) 14th Amendment violations; and (7) an illegal sentence. (*Id.* at 4.) On June 27,

27 2005, Petitioner filed a Supplement to his PCR Petition, arguing that the prior convictions had

28 not been determined by a jury. (Exhibit K.)

The trial court noted that Petitioner had not included the required certification that all known grounds were included in the petition, and accordingly Petitioner was granted time to file a proper certification.  (Exhibit L, M.E. 6/27/05.)  Petitioner complied by filing his "Pro-Per Petition for Post-Conviction Relief" with the requisite certification.  (Exhibit M.)

The trial court summarily dismissed the petition.  (Exhibit P, M.E. 12/07/05.)

Petitioner did not seek review of that dismissal by the Arizona Court of Appeals.  (Exhibit Q, Docket; Petition, #1 at 2.)

## E.  PRESENT FEDERAL HABEAS PROCEEDINGS

Petitioner filed the present Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on February 2, 2006 (#1).  Petitioner's Petition asserts three grounds for relief: (1) (a) defense counsel's refusal to call Petitioner to testify resulted in the denial of his 5th and 6th Amendment rights to testify on his own behalf and confront his accusers; and (b) there was not sufficient evidence to convict Petitioner; (2) Petitioner's sentence was improperly enhanced; and (3) Petitioner was improperly denied an evidentiary hearing on his petition for post-conviction relief.

On April 7, 2005, Respondents filed their Answer (#7) arguing that Petitioner's grounds for relief are unexhausted and procedurally defaulted.  In particular, as to Ground 1(a), the assertion that Petitioner received ineffective assistance, Respondents argue that the claim was not fairly presented to the Arizona Court of Appeals, and is now procedurally defaulted.  As to Ground 1(b), the assertion of insufficient evidence, Respondents concede that it was fairly presented to the Arizona Court of Appeals, but that the claim is without merit.  Respondents also argue that this claim was not properly exhausted by presentation to the Arizona Supreme Court.

As to Ground Two (sentencing enhancement), Respondents argue that this was presented only as a state law claim in Petitioner's direct appeal, and was not presented to the Arizona Court of Appeals on post-conviction review.  Accordingly, Respondents argue that this ground is unexhausted and now procedurally defaulted.

1       As to Ground Three (denial of evidentiary hearing), Respondents argue that by failing

2   to present this claim in a petition for review from his PCR petition, Petitioner has failed to

3   exhaust this claim, and it is now procedurally defaulted.

4       On April 20, 2006, Petitioner filed a Traverse (#8), arguing that presentation to the

5   Arizona Court of Appeals is sufficient for exhaustion of state remedies.  Petitioner also argues

6   that his failure to properly present his claims was caused by the lack of a law library or other

7   legal assistance in the prisons.  Petitioner withdraws his Ground Three for relief.  (Traverse,

8   #8 at 5.)  Accordingly,  Ground Three should be dismissed with prejudice.

9

10   **III. APPLICATION OF LAW TO FACTS**

11       Respondents argue that Petitioner has failed to exhaust his state remedies on his claims,

12   because he never fairly presented the claims to the state appellate courts.  They further argue

13   that the claims are now procedurally defaulted, and thus must be dismissed with prejudice.

14

15   **A.  EXHAUSTION**

16       **Exhaustion Required** - Generally, a federal court has authority to review a federal

17   constitutional claim presented by a state prisoner only if available state remedies have been

18   exhausted. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981)(per curiam). The exhaustion doctrine,

19   first developed in case law has been codified at 28 U.S.C. § 2254(b) and (c).  When seeking

20   habeas relief, the burden is on the petitioner to show that he has properly exhausted each claim.

21   *Cartwright v. Cupp,* 650 F.2d 1103, 1104 (9th Cir. 1981)(*per curiam*), *cert. denied,* 455 U.S.

22   1023 (1982).

23       Ordinarily,  "to exhaust one's state court remedies in Arizona, a petitioner must first

24   raise the claim in a direct appeal or collaterally attack his conviction in a petition for

25   post-conviction relief pursuant to Rule 32." *Roettgen v. Copeland*,  33 F.3d 36, 38 (9th Cir.

26   1994).   Only one of these avenues of relief must be exhausted before bringing a habeas

27   petition in federal court.   This is true even where alternative avenues of reviewing

28   constitutional issues are still available in state court. *Brown v. Easter*, 68 F.3d 1209, 1211

(9th Cir. 1995); *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989).  "In cases not carrying a life sentence or the death penalty, 'claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.'"  *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005)(quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir.1999)).

Respondents argue that the reasoning of *Swoopes* was undermined by *Baldwin v. Reese*, 541 U.S. 27 (2004).  However, *Castillo* was decided after *Baldwin*, leaving this Court to conclude that the Ninth Circuit has found *Swoopes* to have survived *Baldwin*.

**Petitioner's Claims Not Exhausted** - Respondents argue and the record reflects that Petitioner did not present the federal claims raised in this Petition to the state appellate courts. The only appellate filing made by Petitioner was his direct appeal.

Because petitioner did not seek review from the Arizona Court of Appeals on the denial of his petition for post-conviction relief, that proceeding did not result in the exhaustion of his state remedies.  Accordingly, it is only the claims presented in Petitioner's direct appeal that can qualify as having been exhausted.

Ineffective Assistance of Counsel Claim Not Exhuasted - Petitioner's Ground 1(a) arguing that defense counsel's was ineffective in refusing to call Petitioner to testify,  was not fairly presented on direct appeal.  The only claim of ineffective assistance raised by Petitioner on direct appeal was based on counsel's failure to interview jurors.  Accordingly, this ground for relief was not properly exhausted.

Insufficient Evidence Claim Exhausted - Petitioner's Ground 1(b) argues that there was not sufficient evidence to convict Petitioner on the aggravated assault convictions. Respondents concede that this claim was fairly presented to the Arizona Court of Appeals, but argue that presentation to the Arizona Supreme Court was also required.  For the reasons discussed above, presentation to the lower court was sufficient, and this claim must be deemed properly exhausted.

Sentence Enhancement Claim Not Exhausted - Petitioner's Ground 2 argues that his sentence was improperly enhanced.  Respondents argue that although Petitioner challenged his

1   sentence in his direct appeal, Petitioner's presented no federal claim to the Arizona Court of

2   Appeals. Indeed, Appellate counsel's opening brief raised no attack on Petitioner's sentencing.

3   (Exhibit C at 5-6.)  Petitioner's Supplemental Brief on appeal argued only that "it was

4   fundamental error to sentence defendant, with two prior's without proof by the state." (Exhibit

5   D at 1.)    In support of this claim, Petitioner did not cite to any federal authorities, federal

6   cases, or federal constitutional provisions or argue any federal legal theories.

7        Petitioner's Supplemental Brief did cite to: *State v. Armendariz*, 127 Ariz.  422, 621

8   P.2d 928 (App. 1980); *State v.  Hickman*, 194 Ariz. 248, 980 P.2d 501, 295 Ariz.  Adv.  Rep.

9   16 (1999); *State v.  Taylor*, 187 Ariz.  567, 571-72, 931 P.2d 1077, 1081-82 (App.  1996);

10  and *State v.  Johnson*, 183 Ariz.  358, 903 P.2d 1116 (App.  1995).  (Exhibit D at 7-8.)  "[A]

11  citation to a state case analyzing a federal constitutional issue serves the same purpose as a

12  citation to a federal case analyzing such an issue." *Peterson v. Lampert*, 319 F.3d 1153, 1158

13  (9th Cir. 2003).  *But see Howell v. Mississippi,* 543 U.S. 440, 443-444 (2005) (on certiorari

14  from state supreme court) ("petitioner's daisy chain—which depends upon a case that was cited

15  by one of the cases that was cited by one of the cases that petitioner cited—is too lengthy to

16  meet this Court's standards for proper presentation of a federal claim"). However, none of

17  Petitioner's state citations raised a federal claim.

18       *Armendariz* is an analysis of the appropriate interpretation of the Arizona sentencing

19  statutes, as is *Johnson*.  Likewise, *Hickman* involved an analysis of those statutes, albeit under

20  a review for "fundamental error."

21       *Taylor* does address a "due process argument" based on a probation revocation on a

22  violation not alleged in the petition for revocation. 187 Ariz.  at 570, 931 P.2d at 1080.

23  However, that decision does not differentiate whether that "due process argument" was based

24  on federal or state law.  *See Emmett McLoughlin Realty, Inc. v. Pima County,* - - - P.3d - - -,

25  471 Ariz.  Adv.  Rep.  13 (Ariz.App. Div. 2, 2006) ("The United States and Arizona

26  Constitutions prohibit the state from depriving any person of 'life, liberty, or property, without

27  due process of law.' U.S. Const. Amend. XIV; see also Ariz. Const. art. II, § 4.").  It is not

28  enough that a "somewhat similar state law claim was made." *Anderson v. Harless*, 459 U.S.

1    4, 6 (1982)(per curiam). *See also Howell,* 543 U.S. at 444 ("[a]ssuming, without deciding, that

2    identical standards might overcome a petitioner's failure to identify his claim as federal").

3        In any event, Petitioner cited *Taylor* solely for the proposition that the court could

4    consider his attacks on sentencing as "fundamental error" notwithstanding his failure to raise

5    it trial.  (Exhibit D, Supplemental Brief at 8.)

6        In short, nothing in Petitioner's Supplemental Brief would have alerted the Arizona

7    Court of Appeals to an intent to assert a federal constitutional claim.

8        <u>Summary re Exhaustion</u> - With the exception of his claim of insufficient evidence,

9    Petitioner failed to fairly present his federal claims to the Arizona Court of Appeals.

10   Accordingly, those grounds for relief were not properly exhausted.  Ordinarily, that would

11   mandate the dismissal of those claims, without prejudice.  *Johnson v. Lewis,* 929 F.2d 460,

12   463 (9th Cir. 1991).

13

14   **B.  PROCEDURAL DEFAULT**

15       However, Respondents argue that the dismissal must be with prejudice because Plaintiff

16   has not merely failed to exhaust, but has procedurally defaulted his un-presented claims. As

17   an alternative to presenting his claims to the highest state court, a petitioner can satisfy the

18   exhaustion requirement by demonstrating that no state remedies remained available at the time

19   the federal habeas petition was filed.  *Engle v. Isaac*, 456 U.S. 107, 125 (n. 28)(1982); *White

20   v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).  If, however, the bar to presenting the claims is

21   of the petitioner's own making, then he may be precluded from seeking habeas relief.

22       If state remedies are not available because the petitioner failed to
         comply with state procedures and thereby prevented the highest state

23       court from reaching the merits of his claim, then a federal court may
         refuse to reach the merits of that claim as a matter of comity.

24   *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).  This failure to comply with reasonable

25   state procedures is usually characterized as "procedural default."  Where an unexhausted claim

26   would clearly be barred as a result of a procedural default, dismissal without prejudice is not

27   necessary, and the claim may be dismissed with prejudice as procedurally defaulted.  *Johnson*

28

1   *v. Lewis*, 929 F.2d 460 (9th Cir. 1991).  Thus, to the extent that Petitioner's claims are now

2   procedurally defaulted, they are barred from consideration.

3        Plaintiff can no longer seek direct review in the Arizona courts.  Under Ariz.R.Crim.P.

4   31.3, the time for filing a direct appeal expires twenty days after entry of the judgment and

5   sentence.  Moreover, the Arizona Rules of Criminal Procedure do not provide for a successive

6   direct appeal.  *See generally* Ariz.R.Crim.P. 31.

7        And, Petitioner can no longer seek review of his denied PCR petition.  *See*

8   Ariz.R.Crim.P. 32.9(c) (petition for review must be filed "within thirty days after the final

9   decision of the trial court on the petition for post-conviction relief").

10        Similarly, Plaintiff can no longer seek review by a new petition for post-conviction

11   relief.  Ariz.R.Crim.P. 32.4 requires that petitions for post-conviction relief (other than those

12   which are "of-right") be filed "within ninety days after the entry of judgment and sentence or

13   within thirty days after the issuance of the order and mandate in the direct appeal, whichever

14   is the later."  *See State v. Pruett*, 185 Ariz. 128, 912 P.2d 1357 (App. 1995) (applying 32.4

15   to successive petition).  While Rule 32.4(a) does not bar dilatory claims if they fall within the

16   category of claims specified in Ariz.R.Crim.P. 32.1(d) through (h), Petitioner has not asserted

17   that any of these exceptions are applicable to him.

18        Accordingly, it appears that Petitioner's unexhausted claims are procedurally defaulted.

19   Dismissal with prejudice of a procedurally barred or procedurally defaulted habeas claim is

20   generally proper absent "cause and prejudice" to excuse the default.  *Reed v. Ross*, 468 U.S.

21   1, 11 (1984); *Tacho v. Martinez,* 862 F.2d 1376, 1380 (9th Cir. 1988).     Therefore,

22   Petitioner's Grounds 1(a) (ineffective assistance), and Ground Two (sentence enhancement)

23   must be dismissed with prejudice.

24   **Cause and Prejudice** - If the habeas petitioner has procedurally defaulted on a claim,

25   he may still obtain federal habeas review of that claim upon a showing of "cause and prejudice"

26   sufficient to excuse the default.  *Reed*, 468 U.S. at 11.  "Cause" is the legitimate excuse for

27   the default.  *Thomas v. Lewis,* 945 F.2d 1119, 1123 (9th Cir. 1991). "Because of the wide

28   variety of contexts in which a procedural default can occur, the Supreme Court 'has not given

the term "cause" precise content.'" *Harmon v. Barton,* 894 F.2d 1268, 1274 (11th Cir. 1990) (*quoting Reed,* 468 U.S. at 13), *cert. denied,* 498 U.S. 832 (1990).  The Supreme Court has suggested, however, that cause should ordinarily turn on some objective factor external to petitioner, for instance:

> ... a showing that the factual or legal basis for a claim was not reasonably available to counsel, (citation omitted), or that "some interference by officials", (citation omitted), made compliance impracticable, would constitute cause under this standard.

*Murray v. Carrier,* 477 U.S. 478, 488 (1986).

 Although both "cause" and "prejudice" must be shown to excuse a procedural default, a court need not examine the existence of prejudice if the petitioner fails to establish cause. *Engle v. Isaac,* 456 U.S. 107, 134 n. 43 (1982); *Thomas v. Lewis*, 945 F.2d 1119, 1123 n. 10 (9th Cir.1991).

Petitioner argued in his Traverse (#8) that his failure to properly present his claims was caused by the lack of a law library or other legal assistance in the prisons.   However, the "cause and prejudice" standard is equally applicable to untrained *pro se* litigants.  *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 908 (9th Cir. 1986) ("circumstances, although unfortunate, are nevertheless insufficient to meet the cause standard" where inmate was illiterate and his jailhouse lawyer was released before necessary appeal could be filed). Moreover, Petitioner was represented by counsel in both his direct appeal and his PCR proceeding.   *See Tacho v. Martinez,* 862 F.2d 1376, 1381 (9th Cir. 1988) (no cause shown by mentally ill inmate reliant upon jailhouse lawyers, where represented by counsel).

A pro se petitioner may be able to establish "cause" if he can establish a lack of access to the law, as opposed to a lack of knowledge of the law.  *See e.g. Dulin v. Cook,* 957 F.2d 758 (10th Cir. 1992) (remanding for a determination of cause where a pro se petitioner's incarceration in Nevada precluded access to Utah legal materials required to challenge a Utah conviction).  *Cf. Whalem/Hunt v. Early,* 233 F.3d 1146 (9th Cir. 2000) (holding lack of library materials may establish an "impediment" which would toll the statute of limitations applicable to habeas petitions).  The petitioner must establish, however, that the lack of access

1   resulted in an inability to assert his claims.  *See e.g. Thomas v. Lewis,* 945 F.2d 1119 (9th Cir.

2   1991) (finding no "cause" where despite lack of resources generally, pro se prisoner had not

3   shown personal deprivation, and had managed to file other adequate petitions.)   Here,

4   Petitioner may not have had counsel available to pursue a petition for review on his PCR

5   Petition.  He has not, however, offered anything to show that limitations in the resources

6   available to him at that time precluded him from filing a petition for review.

7          <u>Summary re Cause and Prejudice</u> - Petitioner offers no "cause" which precluded him

8   from properly exhausting his state remedies.  Accordingly, the undersigned does not reach the

9   question of "actual prejudice."  *See Engle*, 456 U.S. at 134 n. 43.

10          **Actual Innocence** - The standard for "cause and prejudice" is one of discretion intended

11   to be flexible and yielding to exceptional circumstances.   *Hughes v. Idaho State Board of*

12   *Corrections,* 800 F.2d 905, 909 (9th Cir. 1986).  Failure to establish cause may be excused

13   under exceptional circumstances, for instance "where a constitutional violation has probably

14   resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478,

15   496 (1986) (emphasis added).

16          Here, Petitioner does not argue that he was actually innocent of the charges for which

17   he was convicted, or even of the priors on which his sentences were based.[1]   At most,

18   Petitioner argues that: (1) there was insufficient evidence on the aggravated assault claim, or

19   (2) that his sentences were improperly calculated under the state's sentencing scheme.

20          A petitioner asserting his actual innocence of the underlying crime must show "it is

21   more likely than not that no reasonable juror would have convicted him in the light of the new

22   evidence" presented in his habeas petition.  *Schlup v. Delo*, 513 U.S. 298, 327 (1995).  A

23   showing that a reasonable doubt exists in the light of the new evidence is not sufficient.

24

25          [1]  In *Sawyer v. Whitley*, 505 U. S. 333 (1992), the Court extended the actual innocence exception to claims of
capital sentencing error . Acknowledging that the concept of "actual innocence" did not translate neatly into the capital

26   sentencing context, the Court limited the exception to cases in which the applicant could show "by clear and convincing
evidence that, but for a constitutional error, no reasonable juror would have found the petitioner eligible for the death
penalty under the applicable state law." *Id.*, at 336.

27          In  *Dretke v. Haley*, 541 U.S. 386, 393-394 (2004), the Court declined to address whether this also extended to
actual innocence of a non-capital sentence, in that case a three-strikes sentence.  The *Dretke* Court noted there was a

28   divergence of opinion among the circuits on the issue.  *Id.*  at 392.

1   Rather, the petitioner must show that no reasonable juror would have found the defendant

2   guilty. *Id.* at 329. More particularly, a finding of "actual innocence" is not to be based upon a

3   finding that insufficient evidence to support the charge was presented at trial, but rather upon

4   affirmative evidence of innocence. *See U.S. v. Ratigan*, 351 F.3d 957 (9th Cir. 2003) (lack

5   of proof of FDIC insurance in a  bank robbery case, without evidence that insurance did not

6   exist, not sufficient to establish actual innocence).   Petitioner presents no such evidence of

7   affirmative innocence, either as to his convictions or his sentences.

8

9   **C.  MERITS OF INSUFFICIENT EVIDENCE CLAIM**

10          The only properly exhausted claim raised by Petitioner is his Ground 1(b) wherein he

11   argues that there was not sufficient evidence to convict hin on the aggravated assault charges.

12   Petitioner argues that the evidence was insufficient to convict because a reasonable doubt

13   arose from evidence that "Tindall was not the aggressor."   (Petition, #1 at 5.)   Respondents

14   argue that substantial evidence supported the convictions.  (Answer, #7 at 10-12.)

15          The Arizona Court of Appeals, in rejecting this claim, found that " the testimony of both

16   victims was uncontroverted that they observed Defendant pocket the boxes of Sudafed and

17   leave the store without paying, that Defendant brandished a knife at them and that they feared

18   for their lives." (Exhibit E, Memorandum Decision at 8.) Based upon that factual finding, they

19   concluded that "there was sufficient evidence from which a rational jury could have found

20   Defendant guilty of all charges beyond a reasonable doubt." (*Id.*)

21          Petitioner attacks the sufficiency of the intrinsic evidence introduced at trial.

22   Accordingly, the Arizona Court of Appeal's factual finding may not be overturned by this

23   federal habeas corpus court unless it was "an unreasonable determination of the facts in light

24   of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). "Or, to put

25   it conversely, a federal court may not second-guess a state court's fact-finding process unless,

26   after review of the state-court record, it determines that the state court was not merely wrong,

27   but actually unreasonable."     *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004).

28   Particularly in the context of a claim that "a state-court finding is unsupported by substantial

1   evidence in the state-court record . . . we must be convinced that an appellate panel, applying

2   the normal standards of appellate review, could not reasonably conclude that the finding is

3   supported by the record. *Taylor,* 366 F.3d at 1000.    To the contrary, in this case there was

4   ample evidence from which an appellate court could reasonably conclude that Petitioner was,

5   in fact, the aggressor.

6       Mr. Joseph Haas, one of the store security guards and victims, testified that he began

7   chasing Petitioner, after Petitioner left the store with shoplifted merchandise. (Exhibit A, R.T.

8   10/02/03 at 55-56.)  He continued chasing him, was joined by security guard and victim Mr.

9   Tom Boaz, and continued pursuit until Petitioner fell to the ground.  (*Id.*  at 57.)  When

10  Petitioner arose, he had a knife in his hand and was welding it in a threatening manner at both

11  security guards, and threatening to kill them.  (*Id.*  at 58-60.)   Petitioner continued to come

12  at the victims with the knife even after they began to retreat towards the store.  (*Id.*  at 60-61.)

13   As Petitioner came toward Mr. Haas, Mr. Haas pushed him down, and when Petitioner started

14  raising up again with the knife, Mr. Haas roundhouse kicked him in the head.  Petitioner then

15  fell to the ground, and the two security guards restrained and then handcuffed him.  (*Id.*  at 66-

16  68.)   As they transported Petitioner back into the store, Petitioner kicked Mr. Boaz in the

17  groin.  (*Id.*  at 91.)

18      Mr. Thomas Boaz, the other store security guard, testified that he followed Mr. Haas

19  and Petitioner out of the store, into the parking lot.  As they were running after Petitioner,

20  Petitioner tripped and fell.  (*Id.*  at 101-102.)  When Petitioner rolled over, he had a knife in

21  his hand which he pointed at Mr. Boaz. Petitioner rose up and began moving toward Mr. Boaz,

22  threatening him.  (*Id.*  at 103-105.)  Petitioner then lunged at Mr. Haas, who pushed him down

23  and kicked him in the face.   The two then restrained and handcuffed Petitioner.  (*Id.* at 106-

24  107.)  They then escorted Petitioner back to the store, and on the way Petitioner kicked Mr.

25  Boaz in the groin.  (*Id.*  at 108.)

26      The only other witness to testify was the arresting officer, and there was no evidence

27  to contradict the victims' testimony.   In closing arguments defense counsel could point to

28  little more than apparent irregularities in the testimony, *e.g.* that the knife had been placed on

1   the floor in the store offices after Petitioner was detained, that Petitioner had another knife

2   in his pocket when he was searched by police, etc. (Exhibit B, R.T. 10/3/03 at 26-27.)

3       Moreover, even if is assumed that Petitioner was not the original aggressor, there was

4   ample evidence to sustain his conviction. Although Petitioner argues he was not the aggressor,

5   he does not deny his assault on the victims. While Arizona recognizes self-defense as a

6   complete justification to a charge of aggravated assault, the defendant must be acting in

7   response to "unlawful physical force." Ariz. Rev. Stat. § 13-404(a). The only conduct by the

8   victims that would justify that defense would have been their attempts to apprehend Petitioner

9   in the course of his shoplifting. That would not have been "unlawful physical force," inasmuch

10  as Arizona also recognizes the lawful right to use physical force (short of deadly physical

11  force) to prevent the theft of property or in the course of making what is believed to be a

12  lawful arrest. Ariz. Rev. Stat. §§ 13-408 (defense of property) and 13-409 (law enforcement).

13  Accordingly, any aggression by the victims would have been "lawful" and would not have

14  formed the basis for Petitioner's apparent claim of self-defense.

15      Further, Arizona's self-defense justification is an affirmative defense, and the absence

16  thereof is not an element of the offense which the state must prove. *State v. Casey,* 205 Ariz.

17  359, 366, 71 P.3d 351, 358 (2003). Accordingly, evidence on the aggressor or the order of

18  aggression was not necessary to the prosecution proving its case, and the burden of proving

19  such matters as part of a claim of self-defense fell on Petitioner. *Id.*

20      In short, Petitioner fails to show any deficiency in the evidence supporting his

21  conviction. Accordingly, the state court's findings on this issue have not been shown to have

22  been unreasonable, and may not be disturbed. That finding shows that there was substantial

23  evidence of Petitioner's guilt, *i.e.* the uncontroverted testimony of the victims. As such,

24  Petitioner's claim for relief on the basis of insufficient evidence must be denied.

25

26  **D. SUMMARY AND DISPOSITION**

27      Ground Three has been withdrawn by Petitioner and should be dismissed with prejudice.

28  Grounds 1(a) and 2 for relief were not properly exhausted, and they are now procedurally

1  defaulted.  Petitioner has failed to show cause to excuse his procedural default, or actual

2  innocence to allow this Court to consider his claims not withstanding his procedural default.

3  Accordingly, these grounds for relief must also be dismissed with prejudice. *Reed*, 468 U.S.

4  at 11.  Petitioner's Ground 1(b) (insufficient evidence) is without merit, and should be denied.

5

6                               **IV.  RECOMMENDATION**

7           **IT IS THEREFORE RECOMMENDED** that Grounds for Relief 1(b) (insufficient

8  evidence) of the Petitioner's Petition for Writ of Habeas Corpus, filed February 2, 2006 (#1)

9  be **DENIED**.

10

11          **IT IS FURTHER RECOMMENDED** that the remainder of the Petitioner's Petition

12  for Writ of Habeas Corpus, filed February 2, 2006 (#1) be **DISMISSED WITH PREJUDICE**.

13

14                            **V. EFFECT OF RECOMMENDATION**

15          This recommendation is not an order that is immediately appealable to the Ninth Circuit

16  Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate*

17  *Procedure*, should not be filed until entry of the district court's judgment.

18          However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall

19  have ten (10) days from the date of service of a copy of this recommendation within which to

20  file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing Section

21  2254 proceedings. Thereafter, the parties have ten (10) days within which to file a response

22  to the objections.  Failure to timely file objections to any factual or legal determinations of

23  the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of

24  the issues.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

25

26

27  DATED: June 5, 2006



                                                    _____
                                                    JAY R. IRWIN
                                                    United States Magistrate Judge

28