**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Christopher Lee Tindall, | ) | No. CV-06-0383-PHX-DGC (JI) |
| Petitioner, | ) | **ORDER** |
| v. | ) | |
| Dora B. Schiriro, et. al, | ) | |
| Respondents. | ) | |

Pending before the Court are Petitioner Christopher Lee Tindall's petition for writ of habeas corpus and United States Magistrate Judge Jay R. Irwin's Report and Recommendation (R&R). Docs. ##1, 13. The R&R recommends that the Court deny the petition. Doc. #13 at 15. Petitioner has filed objections to the R&R. Doc. #14. For the reasons set forth below, the Court will accept the R&R and deny the petition.

**I.     Background.**

On April 20, 2002, Petitioner stole several boxes of Sudafed from a K-mart store and assaulted two of the store's security personnel during his attempted escape. He was convicted of two counts of aggravated assault and one count of shoplifting. The court found that he had two prior felonies, and sentenced Petitioner to two concurrent ten-year sentences for the aggravated assault charges and time served for the shoplifting charge. Doc. #13. Petitioner is currently confined at the Arizona State Prison Complex-Florence.

1  Petitioner commenced this action by filing a petition for writ of habeas corpus
2  pursuant to 28 U.S.C. § 2254. Doc. #1. Identified by the numbering in the petition,
3  Petitioner asserts three claims for relief: (1)(a) defense counsel's refusal to call Petitioner
4  to testify resulted in the denial of Petitioner's Fifth and Sixth Amendment rights to testify on
5  his own behalf and confront his accusers, (1)(b) there was not sufficient evidence to convict
6  Petitioner, (2) Petitioner's sentence was improperly enhanced, and (3) Petitioner was
7  improperly denied an evidentiary hearing on his petition for post-conviction relief. *Id.*
8  Petitioner has withdrawn claim (3). Doc. #8 at 5. Respondents have filed an answer to the
9  petition arguing that Petitioner's grounds for relief are exhausted and procedurally defaulted.
10 Doc. #7.

11 **II.   Standard of Review.**

12  Under the Antiterrorism and Effective Death Penalty Act of 1996, the Court may
13 not grant habeas relief unless Petitioner has exhausted his claims in state court. 28 U.S.C.
14 § 2254(b)(1); *see Gray v. Netherland*, 518 U.S. 152, 161 (1996). If Petitioner has exhausted
15 his claims, the Court may not grant habeas relief unless the state's adjudication of the claims
16 resulted in a decision that was contrary to, or involved an unreasonable application of, clearly
17 established federal law as decided by the Supreme Court, or resulted in a decision that was
18 based on an unreasonable determination of the facts in light of the evidence presented in the
19 state court proceedings. 28 U.S.C. § 2254(d)(1); *see Baldwin v. Reese*, 541 U.S. 27, 27
20 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999). "The Supreme Court has said that
21 § 2254(d)(1) imposes a 'highly deferential standard for evaluating state-court rulings,' and
22 'demands that state court decisions be given the benefit of the doubt.'" *Clark v. Murphy*,
23 331 F.3d 1062, 1067 (9th Cir. 2003) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7
24 (1997); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)).

25 **III.  Discussion.**

26  The R&R recommends claim (3) be dismissed with prejudice as it has been withdrawn
27 by Petitioner, and that claims 1(a) and 2 be dismissed with prejudice because they were not
28 properly exhausted and are now procedurally defaulted. Doc. #13. It asserts that Petitioner

- 2 -

1 has failed to show either cause to excuse his procedural default, or actual innocence. *Id*.
2 Consequently, there is no basis upon which the Court might consider his claims
3 notwithstanding the procedural default.   Finally, the R&R finds that claim 1(b) lacks merit
4 and should be denied. *Id*.

5 Petitioner's objection simply reiterates the claims raised in his petition and traverse.
6 Docs. ##1, 8, 14.  He restates that he did not choose to proceed pro per and that he was
7 denied access to legal resources by the Arizona Department of Corrections' Legal Access
8 Policy. He argues that without these impediments he would not have procedurally defaulted.
9 Doc. #14. The Court finds these generalized objections to be ineffective.

10 Rule 72(b) provides that "a party may serve and file *specific written objections* to the
11 proposed findings and recommendations" of the magistrate judge.  Fed. R. Civ. P. 72(b)
12 (emphasis added).  The rule further provides that the district judge "shall make a de novo
13 determination . . . of any portion of the magistrate judge's disposition to which *specific*
14 *written objection* has been made[.]" *Id.* (emphasis added).

15 Petitioner in this case has only reiterated objections already addressed by the detailed
16 R&R. His non-specific reiteration fails to offer new arguments and is devoid of supporting
17 authority.  The Court deems Petitioner's objections ineffective.  This ruling comports with
18 the clear language of Rule 72(b) that a district judge "shall make a de novo determination .
19 . . of any portion of the magistrate judge's disposition to which *specific written objection* has
20 been made[.]"  *Id.* (emphasis added).  Because Petitioner has made no effective objection,
21 the Court is relieved of any obligation to review the R&R.  *See Thomas*, 474 U.S. at 149
22 (Section 636(b)(1) "does not . . . require any review at all . . . of any issue that is not the
23 subject of an objection."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)
24 (same).

25 Petitioner's failure to provide specific objections notwithstanding, the Court has
26 reviewed the R&R and finds it to be correct.  This is true for the R&R as a whole and
27 specifically with respect to the one argument restated in Petitioner's objection – that he was
28 denied effective access to legal resources, resulting in his failure to exhaust arguments in

state court. The R&R correctly rejects this argument. *See* R&R at 10-11. Petitioner has not shown that a lack of access to legal resources resulted in an inability to assert his claims, nor that a lack of resources prevented him from filing a petition for review in state court. *Id.*

Because Petitioner has failed to provide specific objections to the R&R, and because the R&R is, in any event, correct, the Court will accept the R&R and deny the Petition. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate"); Fed. R. Civ. P. 72(b) (same).

**IT IS ORDERED:**

1. The Magistrate Judge Jay R. Irwin's Report and Recommendation (Doc. #13) is **accepted**.

2. Petitioner's petition for writ of habeas corpus (Doc. #1) is **denied**.

3. The Clerk shall **terminate** this action.

DATED this 11th day of August, 2006.

_____
David G. Campbell
United States District Judge

- 4 -